TIMOTHY W. SNIDER, Bar No. 034577
timothy.snider@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

FILED 10 MAR '26 14:31 USDC-ORP

*Additional counsel listed on signature page*

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

IN RE: SUBPOENA TO DEKER NET, LLC
D/B/A ATHLETIC.NET

Case No.: **3:26-MC-254-SB**

UNITED STATES TRACK & FIELD AND
CROSS-COUNTRY COACHES
ASSOCIATION,

Plaintiff,

v.

FLOSPORTS, INC and DIRECTATHLETICS,
INC.,

Defendants.

**DEFENDANT'S FIRST MOTION TO
COMPEL AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
AND RELATED RELIEF AGAINST
NON-PARTY ATHLETICNET**

(United States District Court, Eastern District
of Louisiana, Case No.: 24-2736)

## I. MOTION

Pursuant to Federal Rule of Civil Procedure 45(g), Movants, FloSports, Inc. ("FloSports")

and DirectAthletics, Inc. ("DA") (together, "Defendants" or "FloSports"), move the Court to

Page 1 – DEFENDANT'S FIRST MOTION TO COMPEL AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL AND RELATED RELIEF AGAINST NON-PARTY
ATHLETICNET

# 116047

compel Deker Net, LLC (d/b/a) Athletic.NET ("AthleticNET") to comply with a lawfully issued

Subpoena to Produce Documents, Information, or Objects, a copy of which is attached as **Exhibit**

**2** (the "Subpoena") to the Declaration of Alexandra Rychlak ("Rychlak Decl."), and to further

sanction AthleticNET for failure to comply.

Plaintiff United States Track & Field and Cross Country Coaches Association filed this

litigation in the United States District Court, Eastern District of Louisiana, *United States Track &*

*Field and Cross-Country Coaches Association v. FloSports Inc et al*, No. 24-cv-02736 (E.D. La.

2025),  pursuing trademark claims centering on its allegedly co-authoring Defendants' Track &

Field Results Reporting System ("TFRRS") and, further, alleging antitrust violations under the

Sherman Act and Clayton Act.

On January 15, 2026, Defendants served the Subpoena on Athletic.NET through its

registered agent, David Krempley. *See* Affidavit of Service, attached as **Exhibit 2** to Rychlak Decl.

The subpoena complied with Rule 45's content and geographic-limits requirements and was

properly served on Mr. Krempley, AthleticNET's registered agent, on January 15, 2026. *See* Fed.

R. Civ. P. 45(a)–(c), (b)(1).

The subpoena also allowed a reasonable time to comply requiring AthleticNET to produce

documents by January 29, 2026 at 5:00 p.m. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).  Accordingly,

AthleticNET was under subpoena to produce the requested documents by January 29, 2026.

On February 2, 2026, Mr. Krempley, AthleticNET's registered agent, requested a 90-day

extension to allow AthleticNET through April 27, 2026 to respond to the January 15, 2026

subpoena.  *See* correspondence between counsel for Defendants and Mr. Krempley attached as

**Exhibit 3** to Rychlak Decl.

Page 2 – DEFENDANT'S FIRST MOTION TO COMPEL AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL AND RELATED RELIEF AGAINST NON-PARTY
ATHLETICNET

Defendants denied AthleticNET's request for a 90-day extension, and the parties agreed to a production on February 16, 2026. *See* **Exhibit 3** to Rychlak Decl.

AthleticNET failed to launch timely objections to the subpoena. Fed. Rule Civ. P. 45(d)(2)(B). AthleticNET failed to produce any materials on February 16, 2026.

On February 16, 2026, Defendants received correspondence from AthleticNET launching objections to the subpoena for the first time and refusing to produce a single document.

To date, AthleticNET has refused to comply with the Subpoena. More specifically, AthleticNET has not produced a single document to Defendants, as required per the Subpoena.

Defendants are seeking relief from the Court in the form of an Order (i) finding AthleticNET in contempt, and (ii) requiring AthleticNET to reimburse Defendants for the fees and expenses it has incurred in connection with enforcing the Subpoena. Defendants respectfully request that the Court grant this Motion and enter one or more Orders:

A.      To hold AthleticNET in contempt and enter appropriate contempt sanctions for his failure to comply with the Subpoena, as authorized under Rule 45;

B.      To require AthleticNET to produce any and all documents responsive to the Subpoena for inspection and copying within 10 days or such other time that the Court deems reasonable and appropriate;

C.      To require AthleticNET to reimburse Defendants for the attorney's fees and expenses it has incurred and continues to incur in a reasonable amount;

D.      For such other and further sanctions and other relief that the Court deems just and appropriate under the circumstances.

## II. MEMORANDUM IN SUPPORT

### A.    Background

On November 22, 2024, in the United States District Court, Eastern District of Louisiana, Plaintiff United States Track & Field and Cross-Country Coaches Association (the "Coaches Association") filed this litigation against Defendants. *United States Track & Field and Cross-Country Coaches Association v. FloSports Inc et al*, No. 24-cv-02736 (E.D. La. 2025).

The suit alleges trademark claims centering on its allegedly co-authoring Defendants' Track & Field Results Reporting System ("TFRRS") and, further, alleging antitrust violations under the Sherman Act and Clayton Act. Discovery in that action closes on June 30, 2026.

The Coaches Association filed suit after executing a partnership agreement with FloSports's competitor, Athletic.net, requiring the sharing of FloSports data and information. The Coaches Association claims to co-own FloSports's TFRRS software, the mandatory reporting system for collegiate track and field meet results. Defenses against these claims that the Coaches Association co-owns Defendant's software compels information related to the Coaches Association's partner Athletic.NET. In addition, the Coaches Association identified AthleticNET as an entity with knowledge relevant to this litigation. *See*, USTFCCA's Objections and Responses to Defendants' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents, excerpts of which are attached hereto as **Exhibit 1** to Rychlak Decl.

### 1.    The Subpoena at Issue

Based on the need for information related to its defenses, on January 15, 2026, Defendants served the Subpoena on AthleticNET through its registered agent, David Krempley. *See* Affidavit of Service and Subpoena, attached as **Exhibit 2** to Rycklak Decl. The Subpoena requested information relevant to the Coaches Association and AthleticNET's alleged contributions to the

TFRRS at issue. The return date was January 29, 2026, which coincided with the fourteen-day deadline for service of objections under Rule 45.

On January 28, 2026, Ross Krempley, the CEO of AthleticNET, emailed undersigned counsel requesting 90 days extension to respond. The email appeared to be generated from AI because it contained language such as "We were served on or about [DATE OF SERVICE]." *See*, Email correspondence from R. Krempley to counsel for FloSports L. Harris dated January 28, 2026 attached hereto as **Exhibit 3** to Rychlak Dec. (brackets in original). Even though Mr. Krempley is not an attorney, and therefore cannot represent AthleticNET, FloSports did respond.

On January 29, 2026, undersigned counsel responded that a 90-day request for extension was too long, particularly given that AthleticNET was notified in November of 2025 of the need to preserve the documents at issue in the subpoena. The email continued: "We will need production as soon as possible. If you have a reasonable alternate proposal you wish us to consider, please respond via email with it." *See* **Exhibit 3** to Rychlak Decl., Email correspondence from counsel for FloSports S. Griffith to R. Krempley dated January 29, 2026.

On January 30, 2026, Mr. Krempley responded, disagreeing with the characterization of the litigation hold notice received in November, identifying a family emergency issue for the first time, and stating:

> With all that said, I will not be prioritizing this anytime soon. If 90 days is not acceptable, I would kindly request 75 days, which will already be very tough to make work.

*See* **Exhibit 3** to Rychlak Decl., Email correspondence from R. Krempley to counsel for FloSports S. Griffith dated January 30, 2026. Ultimately, following additional email correspondence between the two, FloSports agreed to defer "moving to compel if, by the close of business tomorrow, February 3, you agree via responsive email to a full production no or prior to February

Page 5 – DEFENDANT'S FIRST MOTION TO COMPEL AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND RELATED RELIEF AGAINST NON-PARTY ATHLETICNET

16, 2026." *See* **Exhibit 3** to Rychlak Decl., Email correspondence from counsel for FloSports S. Griffith to R. Krempley dated February 2, 2026.

AthleticNET failed to launch timely objections or seek relief to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(2)(B), 45(d)(3). Additionally, AthleticNET failed to produce any materials in accordance with the February 16, 2026 extension granted by Defendants. Instead, on February 16, 2026, Defendants received correspondence from counsel for AthleticNET launching objections to the subpoena for the first time and refusing to produce a single document. *See* Correspondence from D. Peterson dated February 16, 2026, attached hereto as **Exhibit 4** to Rychlak Decl.

On February 26, 2026, FloSports asked for a discovery conference regarding the failure of AthleticNET to produce any documents. On March 2, 2026, that conference occurred, and the parties were unable to resolve any of their disagreements. In that conference, AthleticNET took the position that it needed 24 hours to consider its position regarding the timeliness of its objections, and, further, indicated that AthleticNET required a protective order in place to protect the confidentiality of its information. *See* Email correspondence from D. Peterson to A. Rychlak dated March 2, 2026, attached hereto as **Exhibit 5** to Rychlak Decl.

On March 3, 2026, less than 24 hours after the conference, as requested, FloSports followed up regarding the status of AthleticNET's position. FloSports received no response to that email. *See* Email correspondence from A. Rychlak to D. Peterson dated March 2, 2026, attached hereto as **Exhibit 6** to Rychlak Decl.

Later, on March 3, 2026, FloSports prepared and presented AthleticNET with a copy of a proposed Protective Order. *See* Email correspondence from A. Rychlak to D. Peterson dated

March 3, 2026, attached hereto as **Exhibit 7** to Rychlak Decl.   In that email, FloSports requested feedback from AthleticNET on the draft. *See id.* FloSports received no response to that email.

Enforcing this subpoena now is essential in light of the soon approaching June 30, 2026, discovery deadline and the fact that AthleticNET is no longer responding to FloSports regarding the Subpoena.

## 2.    The Standard for Subpoena Enforcement

The Court maintains enforcement mechanisms related to the Subpoena at issue here. According to Federal Rule 45, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45 required AthleticNET to serve written objections before the earlier of 14 days after service or the compliance date (January 29, 2026), or to seek relief via a motion to quash or modify. Fed. R. Civ. P. 45(d)(2)(B), (d)(3). Having done neither, and having failed to comply, AthleticNET is subject to enforcement and contempt. *See* Fed. R. Civ. P. 45(d)(2)(B)(i), 45(g).

## B.    The Court Should Grant the Motion and Order Immediate Production

The Subpoena complied with Rule 45's content and geographic-limits requirements and was properly served on Mr. Krempley, AthleticNET's registered agent, on January 15, 2026. *See* Fed. R. Civ. P. 45(a)–(c), (b)(1). *See* Affidavit of Service, attached as **Exhibit 2** to Rychlak Decl. The subpoena also allowed a reasonable time to comply requiring AthleticNET to produce documents by January 29, 2026 at 5:00 p.m. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

After an extension for production was granted, AthleticNET refused to make any production on February 16 but, instead, offered objections to the subpoena, objections which are waived in accordance with the rules.

The facts supporting the Motion for Contempt are straightforward and incontrovertible. AthleticNET refused to comply with the Subpoena. AthleticNET failed to launch timely objections to the subpoena. FRCP 45(d)(2)(B). Defendants' attempted to cooperate with AthleticNet continuously to no avail. Specifically, on Monday March 3, 2026, Defendants held a meet and confer with AthleticNET. In that conference, AthleticNET relayed concerns for producing documents without a protective order in place. With that, Defendants drafted the requested Protective Order and requested AthleticNET provide comments to the protective order to allow the discovery process to move forward. AthleticNET ignored Defendants. To this date AthleticNET refuses to produce any documents or even respond to Defendants. *See* **Exhibit 6** to Rychlak Decl., Email correspondence with A. Rychlak and D. Peterson dated March 2, 2026; *see also* **Exhibit 7** to Rychlak Decl., Email correspondence with A. Rychlak and D. Peterson dated March 3, 2026.

Defendants are entitled to seek discovery from AthleticNET to aid Defendants in obtaining information relevant to the trademark and antitrust claims launched against them in this action. On January 15, 2026, Defendants served a subpoena on AthleticNET through its registered agent, David Krempley. Rule 45 required AthleticNET to either serve written objections or seek relief through a motion to quash or modify within 14 days from the date of service. AthleticNET refused to object or seek any relief within Rule 45's 14-day deadline and, thus, failed to comply with the Federal Rules. Fed. R. Civ. P. 45(d)(3). Enforcing this subpoena now is essential in light of the soon approaching June 30, 2026 discovery deadline.

AthleticNET has not produced a single document to Defendants, as required by the Subpoena. AthleticNET ignored the dates, deadlines, and duties triggered by the Subpoena. Thus, Defendants are entitled to an Order from this Court:

Page 8 – DEFENDANT'S FIRST MOTION TO COMPEL AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND RELATED RELIEF AGAINST NON-PARTY ATHLETICNET

(i)    requiring a full and complete document production from AthleticNET,

(ii)   ruling that AthleticNET has waived all objections by failing to timely respond as required by Rule 45, *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)("a nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.")

(iii)  directing AthleticNET to reimburse Defendants for the fees and expenses incurred in connection with this Motion.

## C.    Conclusion

For the foregoing reasons, the Court should grant the Motion for Compel and issue an Order providing the relief that Defendants have requested.

DATED:  March 10, 2026                    STOEL RIVES LLP

TIMOTHY W. SNIDER, Bar No. 034577
timothy.snider@stoel.com

Alexandra B. Rychlak, Louisiana Bar #37612
(*pro hac vice forthcoming)*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
lharris@bakerdonelson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT'S FIRST MOTION TO

COMPEL AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND

RELATED RELIEF AGAINST NON-PARTY ATHLETICNET and DECLARATION OF

ALEXANDRA B. RYCHLAK IN SUPPORT OF DEFENDANT'S FIRST MOTION TO

COMPEL on the following named person(s) on the date indicated below by

☒   mailing with postage prepaid

to said person(s) a true copy thereof, contained in a sealed envelope if by mail, addressed to

said person(s) at his or her last known address(es) indicated below.

| | |
|---|---|
| Alex P Tilling | Deker Net, LLC (d/b/a) Athletic.NET |
| Claire DiMaria | C/O David Krempley, Registered Agent |
| Matthew M. McCluer | 14680 Brickyard Drive |
| Leake & Andersson, LLP (New Orleans) | Sherwood, Oregon 97140 |
| Energy Centre | |
| 1100 Poydras St., Suite 1700 | |
| New Orleans, LA 70163-1701 | |
| atilling@leakeandersson.com | |
| cdimaria@leakeandersson.com | |
| mmccluer@leakeandersson.com | |

DATED:  March 10, 2026.

STOEL RIVES LLP

TIMOTHY W. SNIDER, Bar No. 034577
Telephone: 503.224.3380

*Attorneys for Defendants*

Page 1   -   CERTIFICATE OF SERVICE